UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**

MAY 2 5 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-372-GWU

LARRY MOUNCE,                                                      PLAINTIFF,

VS:                                          <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT,

<u>INTRODUCTION</u>

Larry Mounce brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income.  The case is before the Court on cross-motions for summary judgment.

<u>APPLICABLE LAW</u>

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mounce, a 38 year-old former farm worker, tree trimmer, sawmill worker, concrete worker, mechanic's helper and salvage worker with a "limited" education, suffered from borderline intelligence. (Tr. 13, 15, 20). Despite the plaintiff's impairment, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 19). Since the claimant would be able to return to all of his past relevant work, he could not be considered totally disabled. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Mounce could return to his past work, the ALJ relied heavily upon the testimony of vocational expert William Ellis. The vocational factors considered by Ellis included no exertional limitations, but made reference

5

to a lack of literacy with the ability to perform simple repetitive tasks and to relate to others including fellow workers and supervisors.  (Tr. 208).  In response, the witness indicated that such a person could still perform all of the plaintiff's past work.  (Tr. 209).  The expert also identified a significant number of other jobs which could still be done.  (Tr. 209).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ properly concluded that Mounce did not suffer from a "severe" physical impairment.  Dr. Martin Fritzhand, an examining consultant, did not identify any functional restrictions.  (Tr. 112-117).  Dr. Kenneth Phillips, a non-examining medical reviewer, opined that the plaintiff's physical problems were "less than severe."  (Tr. 125).  These reports provide substantial evidence to support the administrative decision.

Christopher McNevin, Mounce's treating chiropractor, did opine that he was totally disabled. (Tr. 157).  However, under the administrative regulations at 20 C.F.R. Section 416.913, a chiropractor is not an "acceptable medical source" whose opinion is binding on an ALJ.  Walters v. Commissioner of Social Security, 127 F.3d 525 (6th Cir. 1997).  Therefore, his opinion was properly disregarded.

The ALJ dealt properly with the evidence of record relating to Mounce's mental status.  The only mental health professional of record was Psychologist Blaine Pinaire, who examined him in June of 2003.[1]  Pinaire diagnosed alcohol

---

[1]John Gatschenberger examined the plaintiff in March of 2002. (Tr. 118-122). However, the ALJ found that, due to a problem with Gatschenberger's license, his report could not be considered. (Tr. 15). Psychologist Jay Athy, a non-examining medical reviewer, based his review upon Gatschenberger's report and did not even see

abuse (in reported remission) and mild mental retardation. (Tr. 150). The mental factors of the hypothetical question were essentially compatible with the limitations noted in the text of Pinaire's report. (Tr. 151). The examiner also reported a "poor" ability to function independently and maintain personal appearance on an assessment form which was not presented in the question. (Tr. 152-153). The plaintiff has not asserted that these restrictions would preclude performance of his past work. Furthermore, since these restrictions would appear to relate to the examiner's diagnosis of mild mental retardation,[2] the claimant presumably was able to perform this work despite such restrictions.[3] Therefore, any error in their omission appears to be harmless.

Mounce asserts that the ALJ erred in failing to find that his mental condition met the requirements of Section 12.05(C) of the Listing of Impairments concerning mental problems. This Listing requires a claimant to produce:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R. Part 404, Subpart P, App. 1, Section 12.05(C). "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22." 20

---

that of Pinaire. (Tr. 127-145). Thus, since his report is based entirely upon Gatschenberger's report, it also cannot be considered.

[2]The examiner also diagnosed alcohol abuse but this was thought to be in remission. (Tr. 150).

[3]Barring evidence to the contrary, IQ is considered to be a lifelong condition. Luckey v. United States Dept. of Health and Human Services, 890 F.2d 666, 668 (4th Cir. 1989). Pinaire did not suggest deterioration and the plaintiff reported being in special education as a child.

7

C.F.R. Part 404, Subpart P, App. 1, Section 12.05. Thus, to satisfy the requirements of Section 12.05(C), a claimant must demonstrate an IQ in the appropriate range which was manifested in the developmental period as well as another mental or physical impairment.

Intelligence testing administered by Pinaire revealed a verbal IQ score of 67, a performance IQ score of 73 and a full scale IQ score of 67. (Tr. 149). Thus, two of the three scores were of Listing range. However, Mounce has not demonstrated the existence of another mental or physical impairment. As previously noted, the ALJ properly found that the plaintiff did not suffer from a "severe" physical impairment. The only other mental impairment found by Pinaire was alcohol abuse which appeared to be in remission. An amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. Section 423(d)(2)(C) provides that "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would [but for this subparagraph] be a contributing factor material to the Commissioner's determination that the individual is disabled." Therefore, the alcohol abuse could not be considered as an additional mental impairment and the claimant does not meet the requirements of the Listing.

Mounce also asserts that the ALJ erred by failing to consider his impairments in combination. However, the only problems supported in the record were alcohol abuse, which was reported to be in remission, and under any circumstances, could not be considered to find him disabled, and mild mental retardation. Thus, the plaintiff clearly did not suffer from a number of problems which needed to be considered in combination.

Mounce argues that the ALJ erred by failing to give reasons for the decision not to find him fully credible. However, the ALJ cited a number of

8

reasons for this finding including the claimant's daily activities which included caring for his personal needs, fixing meals, helping around the house, mowing the lawn, having a garden, managing his own money, visiting relatives, baby-sitting, fishing, and playing cards. (Tr. 17). Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ____25____ day of May, 2005.

G. WIX UNTHANK
SENIOR JUDGE